LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–05536 GAF (VBKx) | Date | July 13, 2012 |
|---|---|---|---|
| Title | HSBC Bank USA, N.A. v. Miguel H. Lopez, Sr et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      (In Chambers)

**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

**I.
INTRODUCTION & BACKGROUND**

On February 22, 2012, Plaintiff HSBC Bank, N.A. brought this action in Los Angeles Superior Court against Miguel H. Lopez, Sr.; Dolores R. Lopez; Maria Lopez; Juan Alberto Lopez; Sandra Lopez; and all persons claiming any legal or equitable right, title, estate lien or interest in the property at 457 Benrud Street, Duarte, California 91010 (the "Property"). (Docket No. 1, Not., Ex. 1 [Compl.].) On June 25, Defendant Miguel H. Lopez, Sr. removed the action to this Court, alleging subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332. (Not. ¶¶ 3, 8–14.) However, for the reasons set forth below, the Court cannot presently determine that subject matter jurisdiction exists on either basis. In addition, the Court is unable to determine whether all properly served Defendants have consented to removal under 28 U.S.C. § 1446(b)(2)(A). Accordingly, Defendant is **ORDERED TO SHOW CAUSE** as to why this case should not be dismissed for lack of subject matter jurisdiction, and as to whether the procedural requirements of 28 U.S.C. § 1446(b)(2)(A) has been satisfied.

**II.
DISCUSSION**

**A. LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–05536 GAF (VBKx) | Date | July 13, 2012 |
|---|---|---|---|
| Title | HSBC Bank USA, N.A. v. Miguel H. Lopez, Sr et al | | |

that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

**B. FEDERAL QUESTION JURISDICTION**

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b); see also 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28-29. Nevertheless, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted). "If a court concludes that a plaintiff has "artfully pleaded" claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Id.

Defendant appears to imply that federal question jurisdiction is proper under 28 U.S.C. §§ 157(b)(2) and 1334, and the Fourth Amendment, and because he intended to assert various federal defenses. (Not. ¶¶ 8–14.) It is undisputed, however, that Plaintiff's complaint does not explicitly plead any federal cause of action. Defendant fails to provide any basis for finding that either [1] Plaintiff's claims are created by federal law or [2] that Plaintiff's "right to relief necessarily depends on the resolution of a substantial question of federal law." Franchise Tax

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–05536 GAF (VBKx) | Date | July 13, 2012 |
|---|---|---|---|
| Title | HSBC Bank USA, N.A. v. Miguel H. Lopez, Sr et al | | |

Bd., 463 U.S. at 28-29. Nor is there any basis for finding that Plaintiff engaged in artful pleading to defeat removal of a legitimate federal claim by attempting to disguise its claim as one arising under state law. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981). Therefore, removal jurisdiction is lacking, even if Defendant intends to assert defenses based exclusively on federal law. See Valles, 410 F.3d at 1075 ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court.").

Accordingly, Defendant has not adequately alleged that the Court has federal question jurisdiction under 28 U.S.C. § 1331.

**B. DIVERSITY OF CITIZENSHIP JURISDICTION**

Federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and if the matter is between citizens of different states. 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004).

Defendant also invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Id. ¶ 3.) However, the Court cannot presently determine (1) the citizenship of the co-defendants, or (2) the citizenship of Plaintiff, a national banking association. Absent allegations of citizenship as to all parties, the Court cannot determine whether it has diversity jurisdiction over this case.

First, Defendant alleges that he is a citizen of California, but he has not alleged the citizenship of any if his co-defendants. (Not. ¶ 5.) Second, Defendant has alleged only that HSBC Bank, N.A. "is <u>not</u> a citizen of California" but has failed to allege what Plaintiff's citizenship <u>is</u>. (Id. ¶ 4.) 28 U.S.C. § 1348 states that "[a]ll national banking associations shall . . . be deemed citizens of the State in which they are respectively located." A national banking association is deemed to be located for the purposes of citizenship in the state in which its main office, as set forth in its articles of incorporation, is located. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006).

The Court is thus unable to conclude that complete diversity exists in this case and, therefore, whether it has subject matter jurisdiction under 28 U.S.C. § 1332(a).

**C. CONSENT TO REMOVAL**

Finally, Defendant has not alleged whether any properly served co-defendants have

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–05536 GAF (VBKx) | Date | July 13, 2012 |
|---|---|---|---|
| Title | HSBC Bank USA, N.A. v. Miguel H. Lopez, Sr et al | | |

joined in the removal. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); see United Computer Sys., Inc. v. A.T.&T. Corp., 298 F.3d 756, 762 (9th Cir. 2002) ("[T]he usual rule is that all defendants in an action in a state court must join in a petition for removal."). A notice filed by fewer than all defendants can still be "effective without individual consent documents on behalf of each defendant," so long as the notice contains a sworn statement, signed by an attorney of record, that the other defendants consent. Proctor v. Vishay Intertechnology, Inc., 584 F.3d 1208, 1225 (9th Cir. 2009).

Here, Defendant's notice of removal does not indicate whether any co-defendants have been properly served, and if so, whether they have consented to removal. Accordingly, the Court is unable to determine whether the procedural requirements of 28 U.S.C. § 1446(b)(2)(A) has been satisfied.

### III.
### CONCLUSION

For the reasons set forth above, Defendant is **ORDERED TO SHOW CAUSE no later than Friday, July 27, 2012**, as to why the Court should not dismiss this case for lack of subject matter jurisdiction, and whether 28 U.S.C. § 1446(b)(2)(A) has been satisfied. **Failure to respond by this deadline will be deemed consent to dismissal of the action.**

**IT IS SO ORDERED.**