JS - 6

LINKS: 7, 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 12–05536 GAF (VBKx) | Date | August 3, 2012 |
|---|---|---|---|
| Title | HSBC Bank USA, N.A. v. Miguel H. Lopez, Sr. et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**      **(In Chambers)**

### ORDER REMANDING CASE

On February 22, 2012, Plaintiff HSBC Bank, N.A. ("HSBC") brought this action in Los Angeles County Superior Court against Miguel H. Lopez, Sr.; Dolores R. Lopez; Maria Lopez; Juan Alberto Lopez; Sandra Lopez; and all persons claiming any legal or equitable right, title, estate lien or interest in the property at 457 Benrud Street, Duarte, California, 91010 (the "Property"). (Docket No. 1, Not., Ex. 1 [Compl.].)  The complaint included claims for: (1) the imposition and foreclosure of equitable lien; (2) equitable subrogation; (3) unjust enrichment; (4) breach of contract; (6) declaratory relief; (7) to quiet title; (7) contractual indemnity; and (8) equitable indemnity, all in regard to allegations of default on the mortgage to the Property. (Compl. ¶¶ 35–41.)

On June 25, 2012, Defendant Miguel H. Lopez, Sr. removed the action to this Court, alleging subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.  (Not. ¶¶ 3, 8–14.)  However, Defendant failed to establish that the complaint contained a federal question under 28 U.S.C. § 1331, or that complete diversity of citizenship was present under 28 U.S.C. § 1332.  As such, on July 13, 2012, the Court issued an Order to Show Cause as to why the case should not be dismissed for lack of subject matter jurisdiction.  (Docket No. 7, July 13, 2012 Order.)  Defendant filed a timely response on July 27, 2012.  (Docket No. 8.)  However, for the reasons set forth below, Defendant's allegations of subject matter jurisdiction are still defective.  Accordingly, the Court **REMANDS** the case back to Los Angeles County Superior Court.

JS - 6

LINKS: 7, 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 12–05536 GAF (VBKx) | Date | August 3, 2012 |
|---|---|---|---|
| Title | HSBC Bank USA, N.A. v. Miguel H. Lopez, Sr. et al. | | |

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

First, Defendant's allegations of federal question jurisdiction under 28 U.S.C. § 1331 are still defective. Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b); see also 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28-29. Nevertheless, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted). "If a court concludes that a plaintiff has "artfully pleaded" claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Id.

Defendant still fails to explain how Plaintiffs' state law claims for (1) foreclosure; (2) equitable subrogation; (3) unjust enrichment; (4) breach of contract; (6) declaratory relief; (7) quiet title; (7) contractual indemnity; and (8) equitable indemnity, raise substantial federal

**JS - 6**

**LINKS: 7, 8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 12–05536 GAF (VBKx) | Date | August 3, 2012 |
|---|---|---|---|
| Title | HSBC Bank USA, N.A. v. Miguel H. Lopez, Sr. et al. | | |

questions.  (Compl. ¶¶ 35–41.)  Although Defendant contends that "[c]ertain principles of equitable lien, subrogation, or subordination may be contained in various federal statutes," the statutes cited in support of this proposition are inapposite.  (Response at 4.)  Defendant also contends that "whether a case arises under federal law does not depend upon matters raised in the answer or counterclaim."  (Response at 3) (citing Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830–831 (2002)).  However, the response does not indicate how this statement is relevant to the existence of a federal question in the complaint.  (Id. at 2–3.)  As such, the Court cannot exercise federal question jurisdiction under 28 U.S.C. § 1331.

　　　　Defendant also fails to establish complete diversity between the parties under 28 U.S.C. § 1332.  Federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and if the matter is between citizens of different states.  28 U.S.C. § 1332(a).  "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant."  Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004).  Although Defendant alleges that Plaintiff is chartered in Virginia, he still fails to allege the citizenship of the remaining Defendants.  (Response at 2.)  Accordingly, he has not established diversity jurisdiction under 28 U.S.C. § 1332.

　　　　Because on the basis of Defendant's jurisdictional allegations the Court lacks subject matter jurisdiction under either 28 U.S.C. §§ 1331 or 1332, the case is **REMANDED** to Los Angeles County Superior Court.

　　　　**IT IS SO ORDERED.**